## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

|  |  |  |
|---|---|---|
| **MOHAMMED BARZAN IBRAHIM HASAN AL-TIKRITI** | ) | |
| Esenyurt Esenkent Mahallesi | ) | |
| Koza Mahallesi Koru Bloklari | ) | |
| Koru 4, Apartment 1 | ) | |
| Istanbul, Turkey | ) | |
|  | ) | |
| *Plaintiff,* | ) | **COMPLAINT FOR** |
|  | ) | **DECLARATORY AND** |
| **SAJA BARZAN IBRAHIM HASAN AL-TIKRITI** | ) | **INJUNCTIVE RELIEF** |
| Doha Compound Villa # 27 | ) | |
| Dafna | ) | CIV. NO. 19-1597 |
| Doha, Qatar | ) | |
|  | ) | |
| *Plaintiff,* | ) | **ECF** |
|  | ) | |
| **ALI BARZAN IBRAHIM HASAN AL-TIKRITI** | ) | |
| Doha Compound Villa # 69 | ) | |
| Dafna | ) | |
| Doha, Qatar | ) | |
|  | ) | |
| *Plaintiff,* | ) | |
|  | ) | |
| **NOOR BARZAN IBRAHIM HASAN AL-TIKRITI** | ) | |
| Rayyan Eleven Villa Compound | ) | |
| Villa # 9 | ) | |
| Doha, Qatar | ) | |
|  | ) | |
| *Plaintiff,* | ) | |
|  | ) | |
| **KHAWLA BARZAN IBRAHIM HASAN AL-TIKRITI** | ) | |
| Rayyan Eleven Villa Compound | ) | |
| Villa # 8 | ) | |
| Doha, Qatar | ) | |
|  | ) | |
| *Plaintiff,* | ) | |
|  | ) | |
| v. | ) | |

|  | ) |
| --- | --- |
| **ANDREA M. GACKI** | ) |
| **in her official capacity as** | ) |
|     **Director of the United States** | ) |
|     **Department of the Treasury** | ) |
|     **Office of Foreign Assets Control** | ) |
|     1500 Pennsylvania Avenue, NW | ) |
|     Freedman's Bank Building | ) |
|     Washington, D.C. 20220 | ) |
|  | ) |
|                     *Defendant,* | ) |
|  | ) |
| and | ) |
|  | ) |
| **THE UNITED STATES DEPARTMENT** | ) |
| **OF THE TREASURY, OFFICE OF FOREIGN** | ) |
| **ASSETS CONTROL** | ) |
|     1500 Pennsylvania Avenue, NW | ) |
|     Freedman's Bank Building | ) |
|     Washington, D.C. 20220 | ) |
|  | ) |
|                     *Defendant.* | ) |
| —————————————————————— | ) |

Mohammed Barzan Ibrahim Hasan al-Tikriti, Saja Barzan Ibrahim Hasan al-Tikriti, Ali Barzan Ibrahim Hasan al-Tikriti, Noor Barzan Ibrahim Hasan al-Tikriti, and Khawla Barzan Ibrahim Hasan al-Tikriti (herein referred to jointly as "Plaintiffs") bring this Complaint for Declaratory and Injunctive Relief against Defendants the United States Department of the Treasury's Office of Foreign Assets Control ("OFAC") and its Director, Andrea Gacki, and in support of their Complaint allege the following.

## **INTRODUCTION**

1.    Over 15 years ago, Plaintiffs were subjected to the consequences of U.S. economic sanctions when OFAC designated them under Executive Order ("E.O.") 13315. Their designation was based on their status as immediate family members of Barzan Ibrahim Hasan al-Tikriti ("Barzan al-Tikriti"), a person designated and blocked under E.O. 13315.

2.      The consequences arising from these designations continue to cause irreparable harm to the Plaintiffs' welfare, impairing their abilities to attain employment, engage in ordinary financial transactions, and freely move and travel.

3.      Nearly two and a half years ago, the Plaintiffs petitioned OFAC to reconsider their designations, in part, due to the fact that their father, having been executed on or about January 15, 2007, was deceased and thus they no longer met the criteria for designation under E.O. 13315.

4.      OFAC has not yet rendered a decision on that reconsideration request and has not substantively engaged with Plaintiffs on the request in nearly two years.  Further, during the pendency of the reconsideration process, Defendants' have failed to disclose any evidence upon which they have relied to designate or otherwise maintain Plaintiffs' designations.

5.      Defendants' inaction and failure to engage Plaintiffs is unreasonable, and their continued maintenance of Plaintiffs' designations is unlawful.  Plaintiffs therefore turn to this Court to compel OFAC to act and instruct the agency as to how to appropriately adjudicate Plaintiffs' request.

## JURISDICTION AND VENUE

6.      This action arises under the United States Constitution, the International Emergency Economic Powers Act, 50 U.S.C. § 1701 *et seq.*, and the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States.

7.      This Court may grant declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and Fed. R. Civ. P. Rule 57.  This Court may grant injunctive relief in accordance with Fed. R. Civ. P. Rule 65.

8.      Venue is proper in the District of Columbia as this is the district in which the events giving rise to the complaint occurred and in which Defendants reside.  *See* 28 U.S.C. §§ 1391(b) and (e).

## THE PARTIES

9.      Plaintiff Mohammad Barzan Ibrahim Hasan al-Tikriti ("Mohammad al-Tikriti") is and was at all times relevant herein a citizen of Iraq.  He is currently residing at Esenyurt Esenkent Mahallesi, Koza Mahallesi Koru Bloklari, Koru 4, Apartment 1, Istanbul, Turkey.

10.     Plaintiff Saja Barzan Ibrahim Hasan al-Tikriti is a citizen of Iraq.  She is currently residing at Doha Compound Villa # 27, Dafna, Doha, Qatar.

11.     Plaintiff Ali Barzan Ibrahim Hasan al-Tikriti is a citizen of Iraq.  He is currently residing at Doha Compound Villa # 69, Dafna, Doha, Qatar.

12.     Plaintiff Noor Barzan Ibrahim Hasan al-Tikriti is a citizen of Iraq.  She is currently residing at Rayyan Eleven Villa Compound, Villa # 9, Doha, Qatar.

13.     Plaintiff Khawla Barzan Ibrahim Hasan al-Tikriti is a citizen of Iraq.  She is currently residing at Rayyan Eleven Villa Compound, Villa # 8, Doha, Qatar.

14.     On March 18, 2004, Plaintiffs were designated under E.O. 13315, as amended by E.O. 13350, and their names were added to the Specially Designated Nationals and Blocked Persons List ("SDN List") maintained and administered by OFAC.  They appear on the SDN List with the "[IRAQ2]" identifier.

15.     OFAC is a United States federal administrative agency located at the United States Department of the Treasury, 1500 Pennsylvania Ave., NW, Freedman's Bank Building, Washington D.C. 20220.  The United States Department of the Treasury is responsible for maintaining the financial and economic security of the United States.  The United States Department of the Treasury is also responsible for overseeing various offices, including OFAC.

OFAC is responsible for maintaining and administering the SDN List, including by adding and removing persons to and from the SDN List consistent with E.O. 13315, as amended by E.O. 13350, and the regulations in 31 C.F.R. Parts 501 and 576, the "Reporting, Procedures and Penalties Regulations" and "Iraq Stabilization and Insurgency Sanctions Regulations," respectively.

16.     Defendant Andrea M. Gacki is the Director of OFAC.  Ms. Gacki is sued in her official capacity.

## FACTUAL ALLEGATIONS

### A.     OFAC Designates Plaintiffs Pursuant to E.O. 13315

17.     On March 18, 2004, OFAC designated the Plaintiffs under E.O. 13315 due to their status as immediate family members of a senior official of the former Iraqi regime, Barzan al-Tikriti, who was also designated under E.O. 13315 and listed in its Annex.

18.     As a result of the designations, Plaintiffs' names appeared on the SDN List with the associated "[IRAQ2]" identifier, and all property and interests in property under U.S. jurisdiction in which they have an interest is blocked.  This includes the ability to receive or provide any goods or services to or from the U.S. or U.S. persons.  Further, any person acting for or on Plaintiffs' behalf, or purporting to do so, is also exposed to designation and blocking under E.O. 13315.

19.     A U.S. Department of the Treasury Press Release ("Press Release") announcing OFAC's designation of Plaintiffs and others, noted that the persons being designated that day were designated for being immediate family members of senior officials of the former Iraqi regime.  The Press Release also stated that Barzan al-Tikriti was—at the time—listed as a senior official of the former Iraqi regime on the United Nations list established pursuant to United Nations Security Council Resolution ("UNSCR") 1483.  A June 24, 2003 U.S. Department of the Treasury Press

Release also listed Barzan al-Tikiriti as being "a Former Senior Iraqi Official," and was included in the Annex to E.O. 13315.

20. Neither at the time of the designation, any time since Plaintiffs' designations, nor any time following Plaintiffs' initiation of the administrative reconsideration of their designations, has OFAC disclosed any portion of the administrative record compiled in support of Plaintiffs' designations to either Plaintiffs or their counsel. Further, Defendants have not otherwise disclosed any information concerning the agency's bases, conclusions, reasons, or fact-findings in support of those designations.

**B. Plaintiffs Petition OFAC for Rescission of their Designations**

21. On February 27, 2017, Plaintiffs filed a joint request for reconsideration of their designations under E.O. 13315 in accordance with OFAC's procedures governing delisting from the SDN List, 31 C.F.R. § 501.807. Plaintiffs' request contained arguments and evidence that their continued designations are improper due to the change in circumstances that had occurred since the time they were first designated.

22. The request further explained that the Plaintiffs were children or young adults living abroad at the time that the former Iraqi regime existed and were not involved in the removal or looting of Iraqi property. Further, the request explained how Mohammad al-Tikriti was taken into the U.S. Army's custody around the time of his designation and held for over five years without being formally charged. Shortly before his release in 2009, a U.S. Army Colonel informed Mohammad al-Tikriti of his imminent release and that the U.S. Government had no evidence of wrong-doing on his part, and that is why they were letting him go.

23.     In addition, Plaintiffs' reconsideration request highlighted the fact that their father, Barzan al-Tikriti—whose designation served as the predicate for Plaintiffs' own designations were predicated—was executed on or about January 15, 2007.

24.     Further, Plaintiffs' request sought disclosure of any file maintained by the U.S. Government with respect to Plaintiff Mohammed al-Tikriti.  Defendants have never responded to or otherwise acknowledged that portion of the Plaintiffs' request.

25.     Finally, the request detailed the harm to Plaintiffs overall welfare due to the designations, including impairing their inability to attain employment, engage in ordinary financial transactions, and to freely move and travel.

26.     OFAC responded to Plaintiffs' request on August 1, 2017 by issuing a questionnaire seeking: 1) certain contact and biographical information; 2) a summary of each Plaintiffs' employment history since July 29, 2004; 3) a description of all contacts with members of the former regime of Saddam Hussein listed in the Annex of E.O. 13350 since the time of their listings; and 4) a description of all contacts with individuals or entities associated with the former regime of Saddam Hussein listed in the Annex to E.O. 13350 since the time of their listings.

27.     Plaintiffs responded to OFAC's questionnaire through a joint submission filed on November 1, 2017.  Those responses noted that any contacts between the Plaintiffs and members of the former Iraqi regime or persons associated with them were limited to interactions amongst Plaintiffs themselves or with other immediate and extended family members and were not political or commercial in nature.  The responses also confirmed that Plaintiffs were primarily living off the stipend granted to them by the Qatari Government and that they were not otherwise employed.

28.     Having not heard from OFAC since the filing of their response to the questionnaire, on March 12, 2018, Plaintiffs requested a meeting concerning their pending request for

reconsideration, and made the same request again on October 10, 2018. OFAC did not substantively respond to either request.

29.     On December 26, 2018, following an inquiry as to the status of Plaintiffs' case, OFAC sent Plaintiffs' counsel an email stating that it would be unable to respond to or act on any requests for reconsideration due to the lapse in government funding.

30.     As there were no further communications from OFAC following the re-opening of the government in January 2019, Plaintiffs submitted a final request for delisting on March 19, 2019. That request sought a resolution to Plaintiffs' joint petition within 60 days. It also reminded OFAC that outside of the Press Release, OFAC had not disclosed any portion of the administrative record underlying Plaintiffs designations, nor provided any information concerning the agency's bases, conclusions, reasons, or fact-findings relied upon in support of the designations.

31.     The March 19, 2019 submission to OFAC also detailed the fact that given Barzan al-Tikriti's passing that he could not be considered to be a senior official of the former Iraqi regime, nor could the Plaintiffs be deemed to be his immediate family members. The submission also pointed out that other similarly situated parties—i.e., those designated under the same designation criteria as the Plaintiffs—have had their E.O. 13315 designations rescinded since the time of their initial designations and thus Plaintiffs were being subject to disparate treatment.

32.     OFAC has neither responded to Plaintiffs' March 19, 2019 request, nor otherwise engaged with the Plaintiffs concerning their February 2017 request for reconsideration following issuance of the August 1, 2017 questionnaire.

## LEGAL CLAIMS

### COUNT I

FAILURE TO CONCLUDE THE DELISTING PETITION WITHIN A REASONABLE TIME
IN VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT

33.     Plaintiffs re-allege and incorporate by reference as if fully set forth herein the allegations in all preceding paragraphs.

34.     The APA mandates that agencies, "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time…shall proceed to conclude a matter presented to it," and that courts "shall…compel agency action…unreasonably delayed." 5 U.S.C. §§ 555(b) and 706(1).

35.     "Agency action" includes, in relevant part, "an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." 5 U.S.C. § 551(13).

36.     Plaintiffs filed their request for reconsideration on February 27, 2017 thereby providing OFAC with arguments and evidence establishing that—given the change in circumstances—there exists an insufficient basis for their designations.  Further, that request for reconsideration advised OFAC of the harm that Plaintiffs have suffered during the 15 years since they were first designated. Despite Plaintiffs' efforts, OFAC persists in delaying its adjudication of Plaintiffs' request for reconsideration.

37.     OFAC's failure to conclude Plaintiffs' request for reconsideration in a timely manner constitutes unreasonable delay of agency action under the APA and should be compelled by this Court.

## COUNT II

### DEFENDANTS' FAILURE TO PROVIDE SUFFICIENT NOTICE AS TO THE BASES, CONCLUSIONS, AND REASONS FOR DESIGNATING OR OTHERWISE MAINTAINING PLAINTIFFS' DESIGNATIONS VIOLATES THE FIFTH AMENDMENT RIGHT TO DUE PROCESS

38.     Plaintiffs re-allege and incorporate by reference as if fully set forth herein the allegations in all preceding paragraphs.

39.     In the post-deprivation context, the Fifth Amendment's Due Process Clause requires notice reasonably calculated under all the circumstances to apprise aggrieved parties of the allegations against them so that they have the opportunity to make a meaningful response.

40.     Defendants are required to provide Plaintiffs with an understanding of the allegations that support their March 18, 2004 designations, so that they may have the opportunity to make a meaningful response.

41.     At no time since Plaintiffs' March 18, 2004 designations have Defendants disclosed any portion of the administrative record underlying their designations. Defendants have also not provided any indication as to the conclusions, reasons, or fact-findings relied upon in support of Plaintiffs' designations.

42.     Defendants' failure to provide Plaintiffs' with prompt, adequate, and fair notice of the bases, conclusions, and reasons relied upon to designate them or otherwise maintain their designations violates their right to due process under the Fifth Amendment to the United States Constitution.

## COUNT III

### DEFENDANTS' FAILURE TO PROVDE SUFFICIENT NOTICE OF THE BASES, CONCLUSIONS, AND REASONS FOR DESIGNATING OR OTHERWISE MAINTAINING PLAINTIFFS' DESIGNATIONS VIOLATES THE ADMINISTRATIVE PROCEDURE ACT

43.     Plaintiffs re-allege and incorporate by reference as if fully set forth herein the allegations in all preceding paragraphs.

44.     Agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, or without observance of procedure required by law, shall be held unlawful by a reviewing court and set aside. 5 U.S.C. § 706(2)(A) and (D).

45.     Post-deprivation due process requires sufficient notice to be given to an aggrieved party. Sufficient notice requires Defendants to provide Plaintiffs with an understanding of the

information and analysis relied upon in support of their designations, so that they may have an opportunity to make a meaningful response.

46. At no time since Plaintiffs' March 18, 2004 designations have Defendants disclosed any portion of the administrative record underlying their designations to Plaintiffs or their counsel. Defendants have also not provided any indication as to the conclusions, reasons, or fact-findings relied upon in support of Plaintiffs' designations.

47. Defendants' failure to provide Plaintiffs' with adequate and fair notice of the information and analysis relied upon to support their designation or otherwise maintain their designations is not in accordance with the law, and without observance of procedure required under the APA, in violation of OFAC's due process obligations, and therefore in violation of the APA.

## COUNT IV

### DEFENDANTS' CONTINUED DESIGNATION OF PLAINTIFFS UNDER E.O. 13315 IN LIGHT OF A MATERIAL CHANGE IN CIRCUMSTANCES VIOLATES THE ADMINISTRATIVE PROCEDURE ACT

48. Plaintiffs re-allege and incorporate by reference as if fully set forth herein the allegations in all preceding paragraphs.

49. Agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, shall be held unlawful by a reviewing court and set aside. 5 U.S.C. § 706(2)(A).

50. OFAC's designation of Plaintiffs was based on a finding that their father—Barzan al-Tikriti—was determined "to be" a senior official of the former Iraqi regime, and that as of March 18, 2004 each of the Plaintiffs were determined "to be" his immediate family members. Nevertheless, Defendants are aware that Barzan al-Tikriti was executed on or about January 15, 2007, and is therefore deceased.

51.     The designation criteria under which Plaintiffs have been listed—Section 1(b)(ii) of E.O. 13315—allows the designation of persons determined "to be senior officials of the former Iraqi regime or their immediate family members…"  As Barzan al-Tikriti has been deceased for over 12 years, he cannot be determined "to be" a senior official of the former Iraqi regime, as he has ceased to exist.  Further, Plaintiffs can no longer be determined to be immediate family members of Barzan al-Tikriti, again since he has ceased to exist following his execution.

52.     Given that Barzan al-Tikriti can no longer be determined to be a senior official of the former Iraqi regime, and Plaintiffs can no longer be considered to be his immediate family members, there has been an indisputable material change in circumstances which has negated the legal basis of Plaintiffs' designations.  As a result, Plaintiffs' continued designations runs counter to the evidence before the Defendants, and is therefore arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with the law, and should thus be declared to be in violation of the APA and set aside as unlawful.

## COUNT V

## DEFENDANTS' DISPARATE TREATMENT OF SIMILARLY SITUATED PARTIES VIOLATES THE ADMINISTRATIVE PROCEDURE ACT

53.     Plaintiffs re-allege and incorporate by reference as if fully set forth herein the allegations in all preceding paragraphs.

54.     Agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, shall be held unlawful by a reviewing court and set aside. 5 U.S.C. § 706(2)(A).

55.     Defendants are aware that they have rescinded the designations of other individuals and entities designated under E.O. 13315 that were designated for circumstances similar to those for which Plaintiffs were designated.

56.     Defendants' disparate treatment of Plaintiffs and their unexplained departure from a prior practice of removing parties designated under E.O. 13315 regardless of prior or current status is agency action that is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law and thus in violation of the APA.   Therefore, the Court should declare their action unlawful and set it aside.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

A.     Review all the material upon which OFAC relied—including classified and law enforcement privileged information—to designate or otherwise maintain Plaintiffs' designations under E.O. 13315;

B.     Declare Defendants' reliance on any irrelevant, immaterial, non-reliable, non-probative, and/or non-substantial evidence to be unlawful under the APA, and jointly or severally set aside such evidence;

C.     Declare Defendants' failure to provide Plaintiffs with the administrative record—including any evidentiary memorandum containing OFAC's analysis in support of the designation, as well as any unclassified summaries of classified or otherwise privileged material contained in the record—relied upon in support of their designations to be a violation of post-deprivation due process required by the U.S. Constitution and/or the APA, and order Defendants' to promptly disclose those records to Plaintiffs;

D.     Declare any of OFAC's findings, conclusions, or actions in support of Plaintiffs' designations under E.O. 13315 that are found to be arbitrary, capricious, an abuse

of discretion, or otherwise not in accordance with law to be unlawful under the APA, and jointly or severally set aside those findings, conclusions, or actions;

E.      Declare Plaintiffs' continued designations under E.O. 13315 to be unlawful under the APA;

F.      Order Defendants to rescind Plaintiffs' designations under E.O. 13315 and remove their names from OFAC's SDN List;

G.      Grant an injunction vacating Plaintiffs' respective designations under E.O. 13315 as well as their identification on OFAC's SDN List;

H.      Grant an award to Plaintiffs' of their costs and attorneys' fees incurred in this action; and

I.      Award Plaintiffs' any other and further relief as the Court may deem just and proper.


Dated: May 31, 2019

Respectfully submitted,
/s/ Erich C. Ferrari, Esq.
Erich C. Ferrari, Esq.
Ferrari & Associates, P.C.
1455 Pennsylvania Ave., NW
Suite 400
Washington, D.C. 20004
Telephone: (202) 280-6370
Fax: (877) 448-4885
Email: ferrari@falawpc.com
DC Bar No. 978253

*Attorney for Plaintiffs*
*Mohammed al-Tikriti*
*Saja al-Tikriti*
*Ali al-Tikriti*
*Noor al-Tikriti*
*Khawla al-Tikriti*